NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BELSY YAMILETH IZAGUIRRE-ARIAS, et al.

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1627

Agency Nos.
A205-525-343
A205-525-346
A205-525-344
A205-525-345

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Petitioners Belsy Izaguirre-Arias and three of her children, natives and

citizens of Honduras, seek review of the Board of Immigration Appeals's

(BIA's) dismissal of their appeal from the order of an Immigration Judge (IJ)

denying asylum, withholding of removal, and protection under the United

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nations Convention Against Torture (CAT). We deny the petition.

Petitioners entered the United States without inspection in 2012 and were charged with removability that same year. In 2017, Petitioners conceded removability and applied for asylum, withholding of removal, and CAT protection.[1] Izaguirre-Arias credibly testified that her family fears gang violence in Honduras because her uncle was killed by gang members shortly before the family fled to the United States, and her brother was killed by gang forces while the family was living in the United States.

The IJ denied relief on several grounds. First, the IJ concluded that Petitioners' asylum applications were untimely. In the alternative, the IJ found that Petitioners failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground, as required for asylum and withholding of removal. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146 (9th Cir. 2021) (explaining that asylum and withholding applicants "must demonstrate a nexus between [their] past or feared harm and a protected ground"). While Petitioners alleged that gangs in Honduras targeted members of their family, the IJ found no evidence that the killings were motivated by family membership, but rather by unrelated motives like gang recruitment and membership in a rival gang. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th

---

[1] Petitioners each filed separate applications for relief. The IJ denied each application, but Petitioners only challenge the denial of Izaguirre-Arias's application. We consider her children's claims as derivative of hers. *See* 8 U.S.C. § 1158(b)(3).

Cir. 2010) (A petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground" (citation omitted)). Finally, the IJ found that even if Petitioners did establish a well-founded fear of persecution, they still would not be eligible for asylum or withholding because they did not show a likelihood of persecution by government forces or forces the Honduran government is unable or unwilling to control.[2] *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (holding that a failure to show government inability or unwillingness to address persecution is fatal to asylum and withholding claims).

On appeal to the BIA, Petitioners challenged the IJ's determination that their asylum application was untimely. But Petitioners did not challenge the IJ's independently dispositive conclusions that they failed to establish: (1) past persecution or a well-founded fear of future persecution; or (2) that the Honduran government is unable or unwilling to address gang violence. Accordingly, the BIA deemed these issues waived and dismissed the appeal.[3]

---

[2] The IJ denied Petitioners' application for CAT protection because they "failed to show that they would more likely than not be tortured if removed to Honduras." Petitioners did not challenge this determination before the BIA. To the extent Petitioners challenge denial of their CAT claim before this court, we deny the petition for lack of exhaustion. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023).

[3] The BIA did not address Petitioners' timeliness argument, stating that it "need not address the Immigration Judge's alternative findings or the respondent's other arguments on appeal. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Before this court, Petitioners argue that the BIA abused its discretion by failing to consider evidence that the Honduran government is unable or unwilling to control gang violence. But Petitioners did not advance this argument or discuss any evidence of government acquiescence before the BIA. Instead, their brief to the BIA asserted only that "the news articles and available country reports" in the record "establish the inherent problems with uncontrolled gangs in Honduras." This general statement does not amount to an argument that the Honduran government is unwilling or unable to control gang violence. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (holding that a petitioner "cannot satisfy the exhaustion requirement by making a general challenge to the [agency's] decision, but, rather, must specify which issues form the basis of the appeal" (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004)). Accordingly, we agree with the government that Petitioners failed to exhaust this argument before the BIA. *See* 8 U.S.C. § 1252(d)(1) (this court "may review a final order of removal only if" the noncitizens have "exhausted all administrative remedies available"); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that although 8 U.S.C. § 1252(d)(1) is a claim processing rule rather than a jurisdictional bar, this court "must enforce" it if properly raised by the government (quoting *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019))).[4]

---

[4] Petitioners also argue that the BIA abused its discretion by failing to review the IJ's timeliness determination. We decline to consider this argument because

**PETITION DENIED.**

---

Petitioners' failure to exhaust the merits question of whether the Honduran government is unable or unwilling to control gang violence is dispositive. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)).

22-1627